UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NORBERTO CAMPOS and NICOLASA CAMPOS,** § § § § § § § § § § § § § § § § | |
| *Plaintiffs* | |
| v. | CIVIL ACTION NO. 4:12-cv-2236 |
| **U.S. BANK NATIONAL ASSOCIATION, OCWEN LOAN SERVICES, LLC,** | |
| *Defendants.* | |

**MEMORANDUM & ORDER**

Before the Court is Defendants' Motion to Dismiss and Plaintiffs' Motion to Remand. After reviewing the briefing and the applicable law, the Court finds that Defendants' Motion must be **GRANTED,** but without prejudice to Plaintiff's right to amend. Plaintiff's Motion to Remand is **DENIED.**

**I. FACTS**

Plaintiffs Norberto Campos and Nicolas Campos ("Plaintiffs" or "Camposes") are borrowers on a home equity loan secured by their homestead. They filed this lawsuit to halt foreclosure. Plaintiffs contest Ocwen Loan Services and U.S. Bank National Association's ("Defendants" or "Ocwen and US Bank") standing to foreclose on the property because Plaintiffs' home equity security instrument allegedly fails to include the legal description of their homestead. Plaintiffs seek (i) declaratory and injunctive relief to prevent Defendants from foreclosing, or otherwise taking possession of the property; and (ii) a judgment in excess of $45,000 to "reimburse Plaintiffs for damages in allowing [Defendants'] use of property not deeded to them…"

1

The procedural history of this case is complex. In August 2011, US Bank filed its Application for Order of Foreclosure on a home equity loan, pursuant to Texas Rule of Civil Procedure 736, in the 240th Judicial District of Fort Bend County, Texas, Cause No. 11-DCV-192596. US Bank moved for default in October 2011, and Plaintiffs responded by filing a separate lawsuit against JPMorgan Chase Bank, NA (incorrectly identified as the owner of Plaintiffs' home equity note), also in the 240th Judicial District of Fort Bend County, Texas, Cause No. 11- DCV-193865. After JPMorgan Chase Bank removed Plaintiffs' case to federal court, Plaintiffs attempted to amend their original petition in the state court case to add Ocwen and US Bank as parties, even though jurisdiction was lacking. In December 2011, Plaintiffs filed a second lawsuit in the 268th District Court of Fort Bend County, Texas, Cause No. 11-DCV-195278, wherein they brought claims against Ocwen and US Bank, and sought a temporary injunction against Defendants to stop foreclosure. Defendants allege that they were never served with citations or the original petition in Plaintiffs' second lawsuit. On January 24, 2012, the 268th District Court entered an order consolidating the Camposes' Lawsuit into US Bank's foreclosure proceeding.

Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1348, 1441, and 1446 arguing that (1) there is complete diversity between Plaintiffs and Defendants and (2) the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney's fees. (Doc. No. 1.) The Court has before it Defendants' Motion to Dismiss for failure to state a claim. In lieu of responding directly to the Motion to Dismiss, Plaintiffs filed a Motion to Remand, to which Defendants subsequently responded. Because the Motion to Remand raises a jurisdictional question, the Court will consider it first.

## II. LEGAL STANDARD

**A. Motion to Remand**

A party may remove an action to federal court if the action is one over which the federal court has subject matter jurisdiction. 28 U.S.C. § 1441(a). The jurisdiction of federal courts is

limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001). As such, there is a presumption against the existence of federal jurisdiction, and "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Id. The removing party must establish "that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). A district court shall remand a case "if the court lacks subject matter jurisdiction over the case, or on timely motion if there is a defect in the removal procedure." *Buchner v. FDIC*, 981 F.2d 816, 819 (5th Cir.1993). Any doubts as to the propriety of removal jurisdiction should be construed in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.2000).

**B. Motion to Dismiss**

Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim for which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). A claim "does not need detailed factual allegations" but must provide party's grounds for entitlement to relief, "including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), *citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1992). A complaint will survive a motion for dismissal only if the plaintiff pleads sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Twombly*, 550 U.S. at 570.

**III. ANALYSIS**

**A. Motion to Remand**

Plaintiffs request this Court to remand this cause to state court. Plaintiffs make three arguments for remand: 1) Defendants' notice of removal was not timely; 2) Ocwen and US Bank

are not the "proper defendants" to ask for removal, and 3) the case does not meet the $75,000 required jurisdictional minimum for a diversity case. Each argument will be taken in turn.

First, Plaintiffs argue that removal was not timely. The federal removal statute reads:

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 345-46 (1999), the Supreme Court laid out four categories for service of the summons and the filing or service of a complaint that will trigger the thirty-day period in which a defendant may remove a case:

The various state provisions for service of the summons and the filing or service of the complaint fit into one or another of four main categories. In each of those categories, the defendant's removal period will be no less than 30 days from service, and in some of the categories, it will be more than 30 days from service, depending on when the complaint is received. First, if the summons and complaint are served together, the 30-day removal period runs at once. Second, if the defendant is served with the summons but is furnished with the complaint sometime after, the removal period runs from the receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons. *Id.*

None of the above-mentioned scenarios that would trigger the thirty-day period within which a defendant must remove a case has occurred in this case. Plaintiffs do not contest that Defendants were never served with a summons or complaint. Rather, Plaintiffs allege that Ocwen and US Bank made a general appearance, thus no service was required, and the thirty-day period began to run upon the summoning of Defendants by the 269th District Court to appear for a hearing on consolidation of the Temporary Injunction and Foreclosure Application's claims. Specifically, Plaintiffs argue that the 268th District Court entered an Order of Consolidation at which both parties were present, and that Defendants did not make a plea to the jurisdiction of the Court.

Thus, Plaintiffs argue that the removal period ended on February 23, 2012, five months before Defendants filed their Notice of Removal.

Defendants respond that they never appeared in the Plaintiffs' lawsuit in the 268th District Court prior to, or after, the consolidation of the two lawsuits. Because of this fact issue, the Court requested certified copies of the 268th District Court docket from parties, as well as affidavits from counsel to resolve whether there was a hearing in which Defendants made a general appearance. While the docket demonstrates that an order to consolidate was entered, there is no evidence that a hearing took place where Defendants were present (Doc. No. 20-1).

Furthermore, neither parties' affidavits represent that Defendants attended a hearing in which they entered a general appearance. Rex Kesler, local counsel representing Defendants, submitted an affidavit stating that he "did not attend any hearings in either the 240th District Court case or the 268th District Court case." Furthermore, he does "not know if a hearing took place in the 268th District Court Case on Plaintiff's Motion to Consolidate on January 27, 2012 as Plaintiffs allege"; however, he "did not attend a hearing…if such a hearing occurred." Additionally, he "did not make an appearance and was not present when the 268th District Court entered an order consolidating the 268th District Court case into the 240th District Court case. (Doc. No. 20, at ¶ 3-5). Similarly, Plaintiffs' counsel, Paul Cedillo, states in his affidavit that "[o]n the Order fro (sic) Consolidation in the State's case cause number 11-DCV-19527, and cause number 11-DCV-192596 signed by Judge Brady Elliot on January 24, 2012 as far as I know no hearing was held, and no party was present when the order was signed." Additionally, Mr. Cedillo confirms that "there was no service on applicant in case number 11-DCV-192596."

Plaintiffs also allege that the Order of Consolidation effectively served as a general appearance. However, a court order issued by a Texas court cannot serve as an appearance by a party whom the plaintiff has not served with process. *Mapco, Inc. v. Carter,* 817 S.W.2d 686, 687 (Tex. 1991) ("In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance." (citing Tex. R. Civ. Pro. 124). A

5

party can make a general appearance by filing an answer without challenging personal jurisdiction or by appearing at a hearing on a pending motion. *Law Offices of Lin & Associates v. Deng,* 14-07-00729-CV, 2009 WL 36480 (Tex. App. Jan. 8, 2009) *citing Von Briesen, Prutell & Roper, S.C. v. French,* 78 S.W.3d 570, 575 (Tex. App. 2002). Filing a notice of removal is not a general appearance, but merely takes the case out of the hands of the state court." *Antonio v. Marino*, 910 S.W.2d 624, 629 (Tex. App. 1995); *Dallas Oil & Ref. Co. v. Washington Cotton Oil Co*., 298 F. 949, 951 (N.D. Tex. 1924).

Thus, the Court finds that because Defendants were never served with complaint or summons, and did not waive service of process through a general appearance at a hearing in state court, Defendants' notice of removal was timely filed.

Second, Plaintiffs argue that Ocwen and US Bank were not the proper Defendants to file this lawsuit. Plaintiffs argue that in Defendants' initial Foreclosure Application, Ocwen and US Bank were listed as plaintiffs. Because the case number that survived after consolidation of the cases was the case number used when Ocwen and US Bank were plaintiffs, the Camposes argue that Ocwen and US Bank are actually the plaintiffs in this case, and thus could not remove the case to Federal Court. 28 USC § 1441 (a).

Under the general removal statute, 28 USC § 1441, only a defendant can remove a case. Generally, federal courts have interpreted the term "defendant" narrowly under § 1441 to mean the party against whom the original plaintiff asserted a claim. *State of Tex. By & Through Bd. of Regents of Univ. of Texas Sys. v. Walker*, 142 F.3d 813, 817 (5th Cir. 1998). The Camposes filed Plaintiffs' First Original Petition against US Bank and Ocwen on December 27, 2011, and US Bank and Ocwen are listed as "Defendants" on this document. (Doc. No. 1, Exhibit A-8.) Yet Plaintiffs argue that "this court should look beyond the pleadings to determine who is the proper plaintiff and defendant." (Doc. No. 4.) Plaintiffs cite to C. Wright & A . Miller, 13E Fed. Prac. & Proc. § 3607 (3d ed. 2010) (quoting *Zurn Indust., Inc. v. Acton Const. Co., Inc.*, 847 F.2d 234, 236 (5th Cir. 1988). However, *Zurn Indust., Inc.* is not on point; in *Zurn Indust., Inc.*, the court

6

realigned the parties for purposes of determining whether the parties were diverse to satisfy diversity jurisdiction requirements. That is not the issue in this case. Plaintiffs cite to no other case law to refute the proposition that this Court should rely on the Plaintiffs' Petition, and find that US Bank and Ocwen are listed as "Defendants" in that document. The fact that Defendants filed a 736 proceeding does not change the analysis because a 736 proceeding is abated as soon as the respondent files a new action. Rule 736 pertains to the expedited foreclosure of a home equity or reverse mortgage. Tex. R. Civ. P. 736:

> A proceeding under Rule 736 is automatically abated if, before the signing of the order, notice is filed with the clerk of the court in which the application is pending that respondent has filed a petition contesting the right to foreclose in a district court in the county where the application is pending. A proceeding that has been abated shall be dismissed. Tex. R. Civ. P. 736(10).

Thus, even if Defendants originally moved to foreclose Plaintiffs' home, that does not turn the Defendants into the plaintiffs in this case. Because Ocwen and US Bank are the Defendants in this case, it was within their right to initiate removal.

Third, Plaintiffs argue that this Court does not have diversity jurisdiction over the parties. Neither party contests that there is complete diversity between Plaintiffs and Defendants. Rather, they disagree on the amount in controversy. It is well-established that the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993) cited in *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

Plaintiffs argue that the amount in controversy is less that $75,000, the minimum that is required for this Court to maintain diversity jurisdiction. Plaintiffs argue that Defendants are only foreclosing on a portion of a land that is valued between $18,900 and $38,340, rather than the

combined parcel of land. Plaintiffs do not contest that the combined parcel of land with the Camposes' homestead has a value of $283,680. Defendants disagree, stating in their Response that Plaintiffs filed suit in an attempt to prevent foreclosure on their entire property, not just one small parcel, as the Camposes allege.

The Court agrees that the entire amount of the property is in controversy, and that the amount is above $75,000, the jurisdictional requirement. The amount in controversy should be considered "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002). "When the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir.1961). A number of cases in the Southern District of Texas have applied this rule to wrongful foreclosure claims, and found that the amount in controversy is the value of the property, not the equity value. *See Govea v. JPMorgan Chase Bank, N.A.*, No. H–10–3482, 2010 WL 5140064, at *4 (S.D.Tex. Dec.10, 2010) (Lake, J.) (concluding that the object of the request for injunctive relief was the property and that the value of the extent of the injury to be prevented was the fair market value of the home); *Berry v. Chase Home Fin., LLC*, No. C–09–116, 2009 WL 2868224, at *2–3 (S.D.Tex. Aug.27, 2009) (Rainey, J.) (noting that, absent "judicial relief, Plaintiff could be divested of all right, title, and interest to the Property" and that the value of the declaratory and injunctive relief sought was the fair market value of the property); see also *Beacon Constr. Co., Inc. v. Matco Elec. Co., Inc.*, 521 F.2d 392, 399 (2nd Cir.1975) ("[T]he amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation."). Although Plaintiffs now allege they are only protecting the value of one parcel of land, their original Petition represents that they are protecting the entire parcel from foreclosure, including their home. There is no doubt that the consequences of litigation may result in the loss of their home and the entire parcel. As previously discussed, the

parties do not dispute that the value of the *entire* property is above $75,000. Additionally, Plaintiffs request a judgment in excess of $45,000 to "reimburse Plaintiffs for damages in allowing [Defendants'] use of property not deeded to them…" The court finds that Defendant's evidence establishes by a preponderance of the evidence that the amount in controversy is over $75,000. Accordingly, the Court has subject mater jurisdiction over this action and denies Plaintiffs' Motion to Remand.

**B. Motion to Dismiss**

Defendants bring a Motion to Dismiss for Failure to State a Claim, arguing that Plaintiffs plead all their allegations in a conclusory manner, devoid of facts that the Court can consider at this time. After reviewing Plaintiffs' Petition, this Court agrees.

The Court notes that there are two home equity loans at issue, and Plaintiffs generally allege that both the 2001 home equity security instrument (the "2001 Security Instrument") and the 2004 home equity security instrument ("the 2004 Security Instrument") feature inaccurate legal descriptions, and thus do not include the property on which the residence sits.

First, this Court dismisses any claims related to the 2001 Instrument, to which Defendants are not a party. Although Plaintiffs attempt to plead that both Instruments include an inaccurate description of their property, Plaintiffs ultimately do not disagree that US Bank and Ocwen were only transferred the 2004 Liens. (Doc. No. 1-9, at 2.) Plaintiffs acknowledge that:

> "New Century Mortgage Corporation transferred same liens on same property to U.S. Bank National Association as trustee for the registered holder of Asset Backed Securities Corporation Home Equity Loan Trust 2004-HE7 Asset Backed Pass-Through Certificates, Series 2004-HE7 whose address is c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409 ("Assignee") on July 21, 2004.

The Court has also verified that the public record reflects only the transference of the 2004 lien. (Doc. No. 22-1.) Thus, any claims regarding the 2001 lien on the property are hereby dismissed.

Regarding the 2004 lien, the Court finds that Plaintiffs have not alleged a plausible claim that their property is incorrectly identified. Plaintiffs cite no case law or evidence in their Original

9

Case 4:12-cv-02236   Document 23   Filed in TXSD on 11/13/12   Page 10 of 11

Petition stating why they believe Defendants have incorrectly identified their property. To be valid, a conveyance of real property by deed must contain a sufficient description of the property to be conveyed, and a property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. *See Broaddus v. Grout*, 152 Tex. 398, 258 S.W.2d 308, 309 (Tex.1953); see also *Pickett v. Bishop*, 148 Tex. 207, 223 S.W.2d 222, 224 (Tex.1949); *Smith v. Sorelle*, 126 Tex. 353, 87 S.W.2d 703, 705 (Tex.1935) cited by *AIC Mgmt. v. Crews*, 246 S.W.3d 640 (Tex. 2008). Generally, where a description specifies a property intended to be conveyed, and the instrument furnishes other sufficient means of determining particular property conveyed thereby, the description is legally sufficient. *Maupin v. Chaney*, 139 Tex. 426, 163 S.W.2d 380 (1942). A description in a deed is not required to be mathematically certain, but only reasonably certain so as to enable a party familiar with the locality to identify the premises to be conveyed, to the exclusion of others. *Browning v. West*, 557 S.W.2d 848, 850 (Tex.Civ.App. 1977). On its face, the description in the 2004 lien provides a clear description of the plat in question, and identifies the county in which the land is situated. At this time, Plaintiffs have not alleged in what way the description is defective, nor have they provided the description of land where they believe their homestead is situated.

Plaintiffs also allege that Defendants used the property not deeded to them and built "a structure therein without the owner's permission," and are thus entitled to damages in excess of $45,000 (Doc. No. 1-9, at 4.) However, the Plaintiffs do not describe the encroaching structure, where it was built, and why they believe Defendants were involved in building the structure. As the Petition stands, the Defendants cannot file a responsive pleading. Thus, the Court grants Defendants' Motion to Dismiss, without prejudice to Plaintiffs' right to amend.

The Federal Rules of Civil Procedure provide that "leave (to amend the complaint) shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[G]ranting leave to amend is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a

10

claim." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (citation omitted). The Court should generally "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Id*. Plaintiffs have not yet had an opportunity to attempt to remedy their deficient Petition. Thus, the Court grants Plaintiffs leave to amend it.

**IT IS SO ORDERED.**

**SIGNED** this the 13th day of November, 2012.

_____
**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**
**SOUTHERN DISTRICT OF TEXAS**